HEATHER E. WILLIAMS, #122664
Federal Defender
DOUGLAS BEEVERS, #185395
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700
Fax 916-498-5710
Douglas_Beevers@fd.org

Attorney for Defendant
BRUCE GARCIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>BRUCE GARCIA,<br><br>           Defendant. | Case No.  2:23-CR-234-1-TLN<br><br>**SENTENCING MEMORANDUM**<br><br>Date:  November 21, 2024<br>Time: 9:30 a.m.<br>Judge: Troy L. Nunley |

Defendant, BRUCE GARCIA, submits the following memorandum is support of his request for a mandatory minimum sentence of 180 months prison.

The pre-sentence report correctly calculates the guideline range as 235-293 months prison.  Ordinarily, a judge can rely on the guidelines as tool to avoid unwarranted sentencing disparity.  However, for production of child pornography offenses most judges nation-wide vary substantially below the guidelines.  According to the Sentencing Commission 2021 report, 57% of child pornography defendants receive downward variances. *Federal Sentencing of Child Pornography Offenses*, Oct. 2021 p. 3, 22 (Except Attached as Ex. A).  This statistic is extraordinary considering that 80% of the production cases involved actual sexual contact, and 60% of cases involved minors 12 or under. Id. p. 5-6, 28, 35.  The Guidelines put Mr. Garcia is

in the middle of the statutory sentencing range of 15-30 year range although he is in the 20% of all production cases where there was no sexual act, and in the 17% of cases which did not involve minors 12 and under. These are factors which judges nation-wide have considered.

According to the Report, the average sentence for child pornography production defendant where the case did not involve any sexual contact was 221 months. *Id.,* page 47. Imposing a sentence on Mr. Garcia that higher than the 221-month average sentence for no sexual contact cases would create unwarranted disparity, since there is no factor that would justify him receiving a higher sentence that the average. He is in the lowest criminal history category and no similar offenses. The average sentence for production defendants whose youngest victim was a teenager was 232 months, which is too long, because this average clearly includes many defendants who engaged far more serious conduct including sex acts or coercion. According to the Report 20% of production defendants engaged in coercion, and 4.5% used drugs to incapacitate. *Id.,* p. 37-38.

The reason for judges not following this guideline is §4B1.5 which in Mr. Garcia's case adds 5 levels based on the fact that he took two secret videos of the victim in the shower which the guidelines define as a "pattern of activity involving the sexual abuse of exploitation." According to comment 4(B) to § 4B1.5 a "pattern" is two incidents even if uncharged and even if part of the same criminal conduct. This 5 level enhancement is disproportionate to the smaller +2 level enhancement which would have applied if Mr. Garcia's case involved actual sex acts. The fac that Mr. Garcia receives 5 levels for a second non-sexual video when only 2 levels is added for defendants who actually film sex acts clearly does not fit any § 3553 factor. Section 2G2.1 also only would have added +2 levels if Mr. Garcia had distributed the videos on the internet, and it is absurd to treat a second non-sexual video as more serious than the harm caused by

uploaded videos to the internet.  The restitution requests and victim letters show that distribution is serious, whereas the fact that Mr. Garcia took a second video is bad, but not serious enough to increase his guidelines from 151-188 months up to 235-293 months.

Mr. Garcia is facing a sentencing range of 15-30 years prison.  A sentence of 20 years is essentially a middle of the sentencing range sentence for a defendant whose conduct is less egregious than most of the offenders who are prosecuted for this offense.  Defense asks the Court to impose a sentence of 188 months prison which would be the low-end of his guidelines if the court only applied 3 levels out of the 5 recommended by § 4B1.5.

Defense requests that the Court set a restitution hearing so that defense would have time to verify the exact numbers.

Date: November 15, 2024                    Respectfully submitted,

                                           HEATHER E. WILLIAMS
                                           Federal Defender

                                           /s/ Douglas Beevers
                                           DOUGLAS BEEVERS
                                           Attorney for Defendant
                                           BRUCE GARCIA